■ Rose M. DeLuca et al., Respondents, v Clifford E. Ricci et al., Appellants. [599 NYS2d 267] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered June 15, 1992, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to the extent of directing a traverse hearing, and otherwise affirmed, without costs.

Plaintiffs Rose Marie DeLuca and her husband Pasquale, residing at 3123 Sands Place in the Bronx, allege that on May 28, 1988 Mrs. DeLuca was injured on the premises by reason of the negligence of defendants Clifford E. Ricci and his wife Joan, the joint owners of the property. The question on appeal is whether the summons in this action was effectively served, the answer to which will determine the ultimate viability of the action in overcoming the pleaded defense of the three-year statute of limitations.

The formal service affidavits of Robert R. Gray, a licensed process server, recite that at 6:23 P.M. on March 27, 1991, he purportedly made personal service on defendant "Joan D. Ricci" at 3123 Sands Place, and that one minute earlier, at the same location, he made substituted service on defendant Clifford E. Ricci by leaving a copy of the summons and complaint with "JOAN D. RICCI—MOTHER" and mailing a copy to Clifford at the Sands Place address. In support of their motion to dismiss, defendants averred through counsel that actual delivery of process was made not to Joan, but instead to Estelle Ricci, the mother of Clifford. In virtually identical affidavits, Clifford and Joan stated that they do not reside at the Sands Place premises; that Estelle Ricci (Clifford's mother) does; that while they jointly own the Sands Place property, neither one "consider[s]" it to be "my actual place of business"; and that they never received service of the summons and complaint in any event.

In opposition to the dismissal motion, plaintiffs submitted a further affidavit from the process server, in pertinent part as follows:

"That I went to 3123 Sands Place, Bronx County, New York for the purpose of serving one CLIFFORD RICCI and JOAN RICCI, defendants in this lawsuit. That upon ringing the doorbell at 3123 Sand Place, I inquired of the person who answered the door if, in fact, she was Joan Ricci and she indicated that she was and I served her.

1993, at 1, col 1; NYLJ, Apr. 15, 1993, at 1, col 3; at 2, col 3; NYLJ, Mar. 26, 1993, at 1, col 1.

"I next asked her if Clifford Ricci was home and she said no and I inquired if he, in fact, resided there and she answered in the affirmative. With this I left her a copy of the Summons & Complaint and also mailed a copy to 3123 Sand Place the following day, March 28th. I did not receive the Summons & Complaint back in the mail."

We concur with the IAS Court that on this record, defendants' motion was properly denied. Indeed, it would have been error, as a matter of law, to credit the conclusory and self-serving denials of residence by defendants, especially in the absence of any proof (or even assertion) as to where the Ricci couple actually did reside *(Brooklyn Union Gas Co. v Arrao,* 100 AD2d 949). Defendants' equivocation as to what they "consider" their actual place of business should stand on no higher footing.

Preliminarily, we reject defendants' castigation of Mr. Gray's supplemental affidavit as "rank hearsay". In reality, since its content, as it pertains to Estelle Ricci's statements, is not offered for the truth of the matter asserted but precisely for the opposite, i.e., to demonstrate a fraud, it falls within the so-called "apparent exception" to the hearsay rule. As stated in Richardson (Evidence § 203 [Prince 10th ed]), "Where the mere fact that a statement was made, as distinguished from its truth or falsity, is relevant upon trial, evidence that such statement was made is original evidence, not hearsay. In such a case, the hearsay rule has no application, for the statement is not offered as a testimonial assertion; that is, it is not offered for the truth of the fact asserted in the statement."

It should be noted that defendants fail to rebut the process server's account with any affidavit from Estelle Ricci, a witness obviously under their control. Nor do defendants contest that Estelle Ricci is a person of "suitable age and discretion" to receive process on behalf of her son and daughter-in-law.

We conclude that at the traverse hearing we are now directing, plaintiffs should be granted the opportunity to demonstrate, if they can, that 3123 Sands Place is either "the actual place of business, dwelling place or usual place of abode" of defendant Clifford. If they can prove one or more of the foregoing, plaintiffs will have established valid service of process upon Clifford under CPLR 308 (2). And since it appears that Clifford and Joan are concededly joint owners of the premises, and thus united in interest, this circumstance may well bring into play the provisions of CPLR 1501, although we do not determine that issue at this time.

By mentioning the foregoing we do not intend to preclude the exploration of any other issues that may properly arise at the hearing. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Nardelli, JJ.