■ TIME WARNER CITY CABLE, Respondent, v TRI STATE AUTO, INC., Appellant, et al., Defendants. [772 NYS2d 512]—Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered August 30, 2002, which denied defendant Tri State Auto's motion to vacate a default judgment, unanimously affirmed, without costs.

By waiving its equitable claims and retaining only its contract cause of action, plaintiff met the sum-certain requirement for default judgment under CPLR 3215 (a) (cf. Geer, Du Bois & Co. v Scott & Sons Co., 25 AD2d 423 [1966]). Plaintiff had acquired jurisdiction over Tri State by service pursuant to Business Corporation Law § 306, and Tri State failed to raise a nonconclusory factual issue warranting a traverse hearing (see Chinese Consol. Benevolent Assn. v Tsang, 254 AD2d 222 [1998]). With the insufficiency of its jurisdictional challenge, Tri State was required to set forth both a reasonable excuse for its default and a meritorious defense (Perez v Villa Josefa Realty Corp., 293 AD2d 306 [2002]). Tri State's failure to set forth a reasonable excuse rendered it unnecessary for the court to consider whether there was a meritorious defense (see Ortiz v Santiago, 303 AD2d 1, 6 [2003]). Denial of vacatur was a provident exercise of the court's discretion.

We have considered Tri State's other contentions, several of which are improperly raised for the first time on appeal, and find them to be without merit. Concur—Mazzarelli, J.P., Saxe, Friedman, Marlow and Gonzalez, JJ.