■ CITIBANK, N.A., Respondent, v K.L.P. SPORTSWEAR, INC., Doing Business as LUXE ELEVEN, Defendant, and YAACOV GOLOB, Appellant. [41 NYS3d 29]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered September 29, 2015, which granted plaintiff's motion to confirm a special referee's report and recommendation, denied defendant-appellant's (defendant) cross motion to reject the report, and denied defendant's prior motion to vacate the default judgment against him, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 3, 2015, which, among other things, granted defendant's motion to vacate the default judgment against him to the extent of referring the issue of service of process to a special referee, unanimously dismissed, without costs, as academic.

In this action alleging defendant's failure to make payments in accordance with the terms of a business banking credit agreement, defendant seeks to vacate a default judgment entered against him, arguing that the court lacked jurisdiction to render the judgment (*see* CPLR 5015 [a] [4]). Specifically, defendant contends that service was not proper under CPLR 308 (2) because plaintiff failed to show that the process server requested and was denied access to defendant's apartment before delivering the papers to the building's concierge.

Plaintiff met its burden at the traverse hearing of demonstrating proper service of process by a preponderance of the evidence (*see Blue Spot v Superior Mdse. Elecs. Co.*, 150 AD2d 175, 176-177 [1st Dept 1989]). The process server testified that it was his general practice not to deliver papers to a concierge without first seeking permission to go up to the relevant apartment. The property manager of the building in which defendant resides likewise testified that it was the building's policy to not allow anyone to enter without the resident's permission. This testimony regarding general practices was sufficient to raise a presumption of proper service (*see Spangenberg v Chaloupka*, 229 AD2d 482, 483 [2d Dept 1996]; *see also F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 797-798 [1977]), and defendant failed to rebut this presumption (*see* 229 AD2d at 483). The process server's failure to preserve his contemporaneous logbook is not sufficient to rebut the presumption, especially since the property manager's testimony corroborated the testimony of the process server (*see Kardanis v Velis*, 90 AD2d 727, 728 [1st Dept 1982]; *Weissman v Ryan*, 37 Misc 3d 136[A], 2012 NY Slip Op 52143[U] [App Term, 1st Dept 2012]).

There is no merit to defendant's claim that, even assuming proper service, the default judgment should be vacated pursuant to CPLR 5015 (a) (1). Defendant's only proffered excuse for his default—that he never received the complaint—is negated by a finding of proper service. Absent a reasonable excuse,

vacatur is not appropriate regardless of whether defendant has a meritorious defense (*Caba v Rai*, 63 AD3d 578, 582 [1st Dept 2009]; *Time Warner City Cable v Tri State Auto*, 5 AD3d 153, 153 [1st Dept 2004], *lv dismissed* 3 NY3d 656 [2004]). Concur— Tom, J.P., Sweeny, Richter, Manzanet-Daniels and Webber, JJ.

Motion seeking to strike the reply brief denied.