U.S. Equities Corp., Plaintiff-Appellant, 
against
Carlos A. Ruiz, Jr., Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Alexander M. Tisch, J.), dated January 29, 2016, which granted defendant's motion to vacate a default judgment to the extent of setting the matter down for a traverse hearing.




Per Curiam.
Order (Alexander M. Tisch, J.), dated January 29, 2016, reversed, without costs, and defendant's motion denied.
Defendant's affidavit submitted some ten years after entry of the default judgment failed to rebut the presumption of proper service created by the affidavit of the process server (see Perilla v Carchi, 100 AD3d 429, 430 [2012]). The conclusory assertion by defendant that he "never lived" where personal service had been made upon a person of suitable age and discretion at defendant's "dwelling house (usual place of abode)" - located at "74 Post Ave., Apt. 1b, New York, NY 10034-4707" - was not specific enough to warrant a traverse hearing (see id., Grinshpun v Borokhovich, 100 AD3d 551, 552 [2012], lv denied 21 NY3d 857 [2013]; Washington Mut. Bank v Huggins, 140 AD3d 858, 859 [2016]), especially in the absence of any sworn assertion or competent proof as to where defendant actually did reside at the time service was made in 2005 (see DeLuca v Ricci, 194 AD2d 457, 458 [1993]; see also U.S. Bank N.A. v Martinez, 139 AD3d 548, 549 [2016]; compare Edwards, Angell, Palmer & Dodge, LLP v Gerschman, 116 AD3d 824 [2014]).
Given that defendant's only proffered excuse for his default - that he never received the complaint - is rejected, vacatur is not appropriate regardless of whether he has a meritorious defense (see Citibank, N.A. v K.L.P. Sportswear, Inc., 144 AD3d 475, 476-477 [2016]; Time Warner City Cable v Tri State Auto, 5 AD3d 153 [2004], appeal dismissed 3 NY3d 656 [2004]). In any event, defendant's conclusory claim that he does not "owe any money they say I owe," was insufficient to demonstrate a meritorious defense to this action to recover a credit card debt (see Facsimile Communications Indus., Inc. v NYU Hosp. Ctr., 28 AD3d 391, 392 [2006]). THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 12, 2017