U.S. Equities Corp., 
against
Jimmy Tsui, Defendant-Respondent.




Plaintiff appeals from (1) an order of the Civil Court of the City of New York, New York County (Denise M. Dominguez, J.), dated April 4, 2019, which granted defendant's motion to vacate a default judgment to the extent of setting the matter down for a traverse hearing and (2) that portion of an order (same court and Judge), dated April 26, 2019, which vacated the judgment against defendant.




Per Curiam.
Orders (Denise M. Dominguez, J.), dated, respectively, April 4, 2019 and April 26, 2019, insofar as appealed from, reversed, without costs, default judgment reinstated and the direction of a traverse hearing on the issue of service stricken. 
Defendant's affidavit submitted approximately 15 years after entry of the default judgment failed to rebut the presumption of proper service created by the affidavit of the process server (see Perilla v Carchi, 100 AD3d 429, 430 [2012]). The conclusory assertion by defendant that he "never received the court papers" was not sufficient to rebut the presumption of proper service and to warrant a traverse hearing (see id.; Washington Mut. Bank v Huggins, 140 AD3d 858, 859 [2016]; Grinshpun v Borokhovich,100 AD3d 551, 552 [2012], lv denied 21 NY3d 857 [2013]).
Nor was defendant entitled to vacatur pursuant to CPLR 5015(a)(1). Inasmuch as the only excuse offered is the meritless improper service argument, defendant has no excuse for the default and the motion to vacate should have been denied regardless of whether he has a meritorious defense (see Citibank, N.A. v K.L.P. Sportwear, Inc., 144 AD3d 475, 476-477 [2016]; Time Warner City Cable v Tri State Auto, 5 AD3d 153 [2004], lv dismissed 3 NY3d 656 [2004]). In any event, defendant's conclusory allegations were insufficient to demonstrate a meritorious defense to this action to recover a credit card debt (see Citibank [SD], N.A. v Henry, 21 Misc 3d 128[A], 2008 NY Slip Op 51959[U] [App Term, 2nd Dept, 2d & 11th Jud Dists 2008]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 27, 2019