Technical Career Institute, Plaintiff-Appellant, 
against
Jeffrey Clerveaux, Defendant-Respondent.




Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Carolyn Walker-Diallo, J.), entered October 12, 2018, which granted defendant's motion to vacate a default judgment and restored the matter to the calendar.




Per Curiam.
Order (Carolyn Walker-Diallo, J.), entered October 12, 2018, reversed, without costs, motion denied and default judgment reinstated. 
Defendant's affidavit submitted approximately 9 years after entry of the default judgment failed to rebut the presumption of proper service created by the affidavit of the process server (see Perilla v Carchi, 100 AD3d 429, 430 [2012]). Defendant's conclusory assertions that he "was not served a summons and complaint" and "did not receive the court papers" were not sufficient to rebut the presumption of proper service and to warrant a traverse hearing (see Grinshpun v Borokhovich, 100 AD3d 551, 552 [2012], lv denied 21 NY3d 857 [2013]; Matter of de Sanchez, 57 AD3d 452, 454 [2008]).
Nor was defendant entitled to vacatur pursuant to CPLR 5015(a)(1). Inasmuch as the only excuse offered is the meritless improper service argument, defendant has no excuse for the default and the motion to vacate should have been denied regardless of whether he has a meritorious defense (see Citibank, N.A. v K.L.P. Sportwear, Inc., 144 AD3d 475, 476-477 [2016]; Time Warner City Cable v Tri State Auto, 5 AD3d 153 [2004], lv dismissed 3 NY3d 656 [2004]). In any event, defendant's allegations that he fully satisfied a school loan to a third party were insufficient to demonstrate a meritorious defense to this action by the school to recover monies owed for tuition and/or school supplies.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 12, 2020