U.S. Bank Trust N.A. v Rivera (2020 NY Slip Op 06040)





U.S. Bank Trust N.A. v Rivera


2020 NY Slip Op 06040


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Friedman, J.P., Kern, Scarpulla, Shulman, JJ. 


Index No. 382784/09 Appeal No. 12154N Case No. 2019-04247 

[*1]U.S. Bank Trust N.A. as Trustee for LSF9 Master Participation Trust, Plaintiff-Respondent,
v
Samuel Rivera, et al., Defendants. Ruth Rivera, Defendant-Appellant.


Law Office of Rohan F. Harrison, South Ozone Park (Rohan F. Harrison of counsel), for appellant.
Ras Boriskin, LLC, Westbury (Joseph F. Battista of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about September 17, 2019, which denied defendant Ruth Rivera's motion to vacate a default judgment and to compel plaintiff to accept her answer, unanimously affirmed, without costs.
Defendant failed to proffer a reasonable excuse for her default in answering the complaint (see CPLR 5015[a][1]). A party seeking to vacate a default judgment must demonstrate a reasonable excuse for the default and a meritorious defense (see US Bank N.A. v Brown, 147 AD3d 428, 429 [1st Dept 2017]). "Absent a reasonable excuse, vacatur is not appropriate regardless of whether defendant has a meritorious defense" (Citibank, N.A. v K.L.P. Sportsware, Inc., 144 AD3d 475, 476-477 [1st Dept 2016]; see Caba v Rai, 63 AD3d 578, 582 [1st Dept 2009]). Defendant's excuse that her attorney failed to file a timely answer on her behalf does not constitute a reasonable excuse because she failed to set forth any details or evidence in support of her allegation (see Morris v Metropolitan Transp. Auth., 191 AD2d 682, 683 [2d Dept 1993]; see also Expo Dev. Corp. v 824 S. E. Blvd. Realty Corp., 113 AD3d 549 [1st Dept 2014]), including who her former attorney was, when she retained him/her, or why he/she failed to file an answer. Since defendant failed to proffer a reasonable excuse for her default, this Court need not consider whether she demonstrated a potentially meritorious defense (see CPLR 5015[a][1]; Citibank, N.A., 144 AD3d at 476-477). Defendant was also precluded from moving to dismiss the foreclosure action on the ground that plaintiff failed to comply with the notice requirements, because of her default and failure to set forth a reasonable excuse (see Deutsche Bank Natl. Trust Co. v Lopez, 148 AD3d 475, 475-476 [1st Dept 2017]). Contrary to defendant's argument, the record does not show that she was entitled to vacatur of the default judgment pursuant to CPLR 5015(a)(3).
As the defendant was not entitled to vacatur of the default judgment, plaintiff could not be compelled to accept service of her late answer (see CPLR 3012[d]).
We have considered defendant's remaining argument and find it unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020