Milonis v 3273-3285 Westchester Ave. Realty Corp. (2021 NY Slip Op
50066(U))

[*1]

Milonis v 3273-3285 Westchester Ave. Realty Corp.

2021 NY Slip Op 50066(U) [70 Misc 3d 136(A)]

Decided on January 29, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 29, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570210/20

James Milonis, as Trustee of James Milonis'
Declaration of Trust Dated May 12, 2005, Petitioner-Respondent, 
against
3273-3285 Westchester Avenue Realty Corp., Respondent-Appellant,
and Natalie Acevedo d/b/a Gana Liquor Wine & Spirits Corp., Respondent, and Jose Perez
d/b/a Sazon Restaurant, Respondent-Appellant, and Peghe's Deli & Grocery, Inc., Sonia
Montanez d/b/a Texas Chicken, Rubin Rodriguez d/b/a Crosby Cleaners,
Respondents.

Respondents 3273-3285 Westchester Avenue Realty Corp. and Jose Perez d/b/a Sazon
Restaurant appeal from an order of the Civil Court of the City of New York, Bronx County (Fidel
E. Gomez, J.), dated November 4, 2019, which denied their motion to vacate a default judgment
of possession and warrant of eviction.

Per Curiam.
Order (Fidel E. Gomez, J.), dated November 4, 2019, affirmed, with $10 costs.
Respondents' motion to vacate the default final judgment for lack of jurisdiction was
properly denied by Civil Court in a comprehensive decision. The affidavit of service
demonstrates that substituted service was properly made pursuant to RPAPL 735(1), by delivery
of the papers to an employee at the subject premises (see 116 John St. Owner, LLC v Chea Kim,
59 Misc 3d 148[A], 2018 NY Slip Op 50784[U] [App Term, 1st Dept 2018]; 113 Downtown
LLC v B & G Enters. of Staten Is. Inc., 2002 NY Slip Op 50355[U] [App Term, 1st
Dept 2002]). The carefully worded affidavit of Radame Jose Perez submitted in support of the
vacatur motion does not rebut the statements in the process server's affidavits, but merely
contains conclusory assertions that respondents "never received any papers in the proceeding,"
and was therefore insufficient to warrant a traverse hearing (see Washington Mut. Bank v
Huggins, 140 AD3d 858, 859 [2016]; Perilla v Carchi, 100 AD3d 429, 430 [2012]; Matter of de Sanchez, 57 AD3d
452, 454 [2008]).
Civil Court also providently exercised its discretion in denying respondents' CPLR
5015(a)(1) motion to vacate their default. Inasmuch as the only excuse offered is the meritless
improper service argument, respondents have no excuse for the default and the motion to vacate
should have been denied regardless of whether they have a meritorious defense (see Citibank,
N.A. v K.L.P. Sportswear, Inc., 144 AD3d 475, 476-477 [2016]; Time Warner City Cable v Tri
State Auto, 5 AD3d 153 [2004], lv dismissed 3 NY3d 656 [2004]). In any event, respondents'
assertion that the base rent was paid was insufficient to demonstrate a meritorious defense to this
action for some $80,000 in unpaid "added rent charges," including real estate taxes and water and
sewer charges.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 29, 2021