U.S. Equities Corp. v Tan (2021 NY Slip Op 51268(U))

[*1]

U.S. Equities Corp. v Tan

2021 NY Slip Op 51268(U) [73 Misc 3d 147(A)]

Decided on December 29, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 29, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570171/21

U.S. Equities Corp., Plaintiff-Appellant,
against
Zhong S. Tan, Defendant-Respondent.

Plaintiff appeals from an order of the Civil Court of the City of New York, New York
County (Sabrina B. Kraus, J.), dated September 10, 2019, which granted defendant's motion to
vacate the default judgment.

Per Curiam.
Order (Sabrina B. Kraus, J.), dated September 10, 2019, reversed, without costs, motion
denied and default judgment reinstated. 
Defendant's affidavit submitted approximately 13 years after entry of the default judgment
failed to rebut the presumption of proper service created by the affidavit of the process server
(see Perilla v Carchi, 100 AD3d 429, 430 [2012]). The conclusory assertion by defendant
that he "did not receive a copy of the summons and complaint" was not sufficient to rebut the
presumption of proper service (see id.; Washington Mut. Bank v Huggins, 140 AD3d 858, 859 [2016];
Grinshpun v Borokhovich,100 AD3d 551, 552 [2012], lv denied 21 NY3d 857
[2013]). Inasmuch as defendant's only excuse offered for his default is the meritless improper
service argument, defendant has no excuse for the default and the motion to vacate should have
been denied regardless of whether he has a meritorious defense (see Citibank, N.A. v K.L.P. Sportswear,
Inc., 144 AD3d 475, 476-477 [2016]; Time Warner City Cable v Tri State Auto, 5 AD3d 153 [2004],
lv dismissed 3 NY3d 656 [2004]). In any event, defendant's conclusory allegations were
insufficient to demonstrate a meritorious defense to this action to recover a credit card debt (see U.S. Equities Corp. v Tsui, 65 Misc
3d 128[A], 2019 NY Slip Op 51531[U] [App Term, 1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 29, 2021