U.S. Equities Corp. v Chaplin (2022 NY Slip Op 51128(U))

[*1]

U.S. Equities Corp. v Chaplin

2022 NY Slip Op 51128(U) [77 Misc 3d 127(A)]

Decided on November 17, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 17, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570409/22

U.S. Equities Corp.,
Plaintiff-Appellant,
against
Cass D. Chaplin,
Defendant-Respondent.

Plaintiff appeals from an order of the Civil Court of the City of New York, New
York County (Carol R. Feinman, J.), entered July 25, 2022, which granted defendant's
motion to vacate a default judgement and restore the action to the calendar.

Per Curiam.
Order (Carol R. Feinman, J.), entered July 25, 2022, reversed, with $10 costs, motion
denied and default judgment reinstated.
Defendant's affidavit submitted approximately 16 years after entry of the default
judgment failed to rebut the presumption of proper service created by the affidavit of the
process server (see Perilla v Carchi, 100 AD3d 429, 430 [2012]). Defendant did
not dispute that the address where service was made was his dwelling, nor that a person
identified as Jovonne Spivey, a "co-tenant," was present in his home on the day of
service. Defendant's conclusory assertion that he "did not receive a copy of the summons
and complaint" was not sufficient to rebut the presumption of proper service (id.; see Washington Mut. Bank v
Huggins, 140 AD3d 858, 859 [2016]; Grinshpun v Borokhovich, 100 AD3d 551, 552 [2012],
lv denied 21 NY3d 857 [2013]).
Nor was defendant entitled to vacatur of the April 2006 default judgment pursuant to
CPLR 5015(a)(1). Inasmuch as the only excuse offered for the default is the meritless
improper service argument, the motion to vacate should have been denied regardless of
whether defendant has a meritorious defense (see Citibank, N.A. v K.L.P. Sportswear, Inc., 144 AD3d
475, 476-477 [2016]; Time
Warner City Cable v Tri State Auto, 5 AD3d 153 [2004], lv dismissed 3
NY3d 656 [2004]). In any event, defendant's conclusory allegations were insufficient to
demonstrate a meritorious defense to this action to recover a credit card debt (see U.S. Equities Corp. v Tsui,
65 Misc 3d 128[A], 2019 NY Slip Op 51531[U] [App Term, 1st Dept 2019]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: November 17, 2022