New Century Fin. Servs., Inc. v Rickenbacker (2026 NY Slip Op 50222(U))

[*1]

New Century Fin. Servs., Inc. v Rickenbacker

2026 NY Slip Op 50222(U)

Decided on February 24, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

571527/25

New Century Financial Services, 
 Inc., Plaintiff-Respondent, 
againstVena Rickenbacker a/k/a Vena Leacock, Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, Bronx County (Diomarys Escano-Bell, J.), entered March 21, 2025, which denied her motion to vacate a default judgment.

Per Curiam.
Order (Diomarys Escano-Bell, J.), entered March 21, 2025, affirmed, without costs.
Civil Court properly denied defendant's motion to vacate the default judgment for lack of personal jurisdiction (see CPLR 5015 [a] [4]). Defendant's affidavit submitted more than 16 years after the entry of the judgment failed to rebut the presumption of proper service created by the affidavit of the process server (see Perilla v Carchi, 100 AD3d 429, 430 [2012]). Defendant's conclusory assertions that she "never received the summons and complaint" or that she "could not recall" receiving any other documents related to this matter were insufficient to warrant a traverse hearing (see Grinshpun v Borokhovich, 100 AD3d 551, 552 [2012], lv denied 21 NY3d 857 [2013]).
Nor was defendant entitled to vacatur pursuant to CPLR 5015 (a) (1). Inasmuch as the only excuse offered is the meritless improper service argument, defendant has no excuse for the default and the motion to vacate was properly denied regardless of whether she has a meritorious defense (see Citibank, N.A. v K.L.P. Sportwear, Inc., 144 AD3d 475, 476-477 [2016]; Time Warner City Cable v Tri State Auto, 5 AD3d 153, 153 [2004], lv dismissed 3 NY3d 656 [2004]). In any event, defendant failed to state a meritorious defense to the action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: February 24, 2026