■ CHRISTOPHER CHESMAN, Appellant, v ROGER LIPPOTH, Respondent. [706 NYS2d 703] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Bergerman, J.), entered March 4, 1999, which, after a hearing, in effect, granted that branch of the defendant's motion pursuant to CPLR 5015 (a) which was to vacate his default in answering on the ground of lack of personal jurisdiction, vacated an order of the same court dated June 11, 1997, granting the plaintiff's motion for leave to enter a default judgment, and dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, that branch of the defendant's motion which was to vacate his default on the ground of lack of personal jurisdiction is denied, the order dated June 11, 1997, and the complaint are reinstated, and the matter is remitted to the Supreme Court, Rockland County, for determination of that branch of

the defendant's motion which was to vacate his default pursuant to CPLR 5015 (a) (1).

The Supreme Court erred in determining that the evidence adduced at the hearing failed to establish valid service upon the defendant pursuant to CPLR 308 (2). The process server delivered the summons with notice to a man between the ages of 21 and 35 who answered the door at the defendant's private residence. The process server's testimony was corroborated by a police officer who accompanied him to the premises. The evidence presented by the defendant failed to refute the plaintiff's proof that the summons was delivered to a person of suitable age and discretion at the defendant's actual dwelling place (*see, Bossuk v Steinberg,* 58 NY2d 916; *see also, duPont, Glore Forgan & Co. v Chen,* 41 NY2d 794). No issue was raised as to the plaintiff's proof of compliance with the mailing requirement in CPLR 308 (2).

The matter is remitted to the Supreme Court, Rockland County, to consider that branch of the defendant's motion which was to vacate his default on the ground that he had a reasonable excuse and meritorious defense. O'Brien, J. P., S. Miller, Friedmann and Smith, JJ., concur.