■ BANK OF NEW YORK, Respondent, v JOSE LUIS ESPEJO et al., Appellants, et al., Defendants. [939 NYS2d 105]—

This action was commenced in early April 2007. According to the affidavits of service, the defendants Jose Luis Espejo and Daisy Espejo (hereinafter together the defendants), were served with copies of the summons and complaint at their home, the mortgaged premises (hereinafter the subject property), on April

9, 2007, by delivery of a copy of the summons and complaint to Michael Guzman, referred to as a cotenant, and by the subsequent mailing of two additional copies of the summons and complaint to the same address, all pursuant to CPLR 308 (2). The defendants neither answered the complaint nor otherwise appeared in the action. On September 11, 2009, a default judgment of foreclosure and sale (hereinafter the judgment) was entered against them. In May 2010 the defendants moved, inter alia, pursuant to CPLR 5015 (a) (4) to vacate the judgment entered upon their default. In support, the defendant Jose Luis Espejo submitted an affidavit stating that he was not served with a copy of the summons and complaint because, at the time of service, he resided and worked in Florida. The defendant Daisy Espejo submitted an affidavit stating that she was not served with a copy of the summons and complaint because Michael Guzman, who received service, did not reside at the subject property. The Supreme Court denied the defendants' motion. The defendants appeal, and we affirm.

The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment. The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (see *US Natl. Bank Assn. v Melton*, 90 AD3d 742 [2011]; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825 [2011]; *Deutsche Bank Natl. Trust Co. v Hussain*, 78 AD3d 989 [2010]), and the defendants' unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service at the address where all notices under the mortgage were to be sent. The conclusory affidavit of the defendant Daisy Espejo that Michael Guzman did not reside at the subject property did not rebut the presumption of proper service. Valid service pursuant to CPLR 308 (2) may be made by delivery of the summons and complaint to a person of suitable age and discretion who answers the door at a defendant's residence, but is not a resident of the subject property (see *U.S. 1 Brookville Real Estate Corp. v Spallone*, 21 AD3d 480, 481-482 [2005]; *Chesman v Lippoth*, 271 AD2d 567 [2000]).

That branch of the defendants' motion which was to vacate the judgment pursuant to CPLR 5015 (a) (1) was properly denied, as they failed to demonstrate both a reasonable excuse for their default and a potentially meritorious defense to the action (see *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Bank of Am. v Faracco*, 89 AD3d 879 [2011]). For the same reasons, they were not entitled to enlarge their time to appear or to compel acceptance of an untimely answer (see *Midfirst Bank v Al-Rahman*, 81 AD3d 797 [2011]).

Finally, the defendants were not entitled to vacatur of the judgment pursuant to CPLR 317 since they failed to demonstrate that they did not receive notice of this action in time to defend it (*see Tribeca Lending Corp. v Crawford*, 79 AD3d 1018, 1019-1020 [2010]). Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.