■ CARVER FEDERAL SAVINGS BANK, Respondent, v TERRENCE SUPPLICE, JR., Also Known as JUNIOR SUPPLICE, Appellant, et al., Defendants. [970 NYS2d 706]—

In an action to foreclose two mortgages, the defendant Terrence Supplice, Jr., also known as Junior Supplice, appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), dated August 18, 2011, as denied, without a hearing, those branches of his motion which were pursuant to CPLR 5015 (a) (4) to vacate an order of reference of the same court (Flaherty, J.) dated September 9, 2009, entered upon his default in appearing or answering the complaint, and, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the order dated August 18, 2011, is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied, without a hearing, those branches of the appellant's motion which were pursuant to CPLR 5015 (a) (4) to vacate an order of reference, and, in effect, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Bank of N.Y. v Espejo*, 92 AD3d 707, 708 [2012]; *Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984, 984 [2009]). In opposition, the appellant's affidavit was insufficient to rebut the presumption

of proper service created by the process server's affidavit (*see Deutsche Bank Natl. Trust Co. v Jagroop*, 104 AD3d 723, 724 [2013]; *Bank of N.Y. v Espejo*, 92 AD3d at 708; *cf. Toyota Motor Credit Corp. v Lam*, 93 AD3d 713, 714 [2012]; *U.S. Bank, N.A. v Arias*, 85 AD3d 1014, 1016 [2011]).

In light of the foregoing, we need not reach the appellant's remaining contentions. Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.

Motion by the appellant, on an appeal from an order of the Supreme Court, Queens County, dated August 18, 2011, to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record or improperly raise arguments for the first time on appeal. By decision and order on motion of this Court dated May 28, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is granted and those portions of the respondent's brief that refer to matter dehors the record or improperly raise arguments for the first time on appeal are stricken and have not been considered in the determination of this appeal. Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.