■ JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Respondent, v WILLIAM G. TODD et al., Appellants, et al., Defendants. [5 NYS3d 181]—

In an action to foreclose a mortgage, the defendants William G. Todd and Leigh-Elizabeth Todd appeal from (1) an order of the Supreme Court, Westchester County (Giacomo, J.), entered November 19, 2013, which granted the plaintiff's motion for an order of reference, and denied their cross motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and (2) an order of reference of the same court entered November 19, 2013, which, inter alia, referred the matter to a referee to ascertain and compute the amount due to the plaintiff.

Ordered that the order and the order of reference are affirmed, with one bill of costs.

"A process server's affidavit of service constitutes prima facie evidence of proper service" (*Scarano v Scarano*, 63 AD3d 716, 716 [2009]; *see NYCTL 2009-A Trust v Tsafatinos*, 101 AD3d 1092, 1093 [2012]). Where a defendant submits a sworn denial of receipt of process containing specific facts to rebut the statements in the process server's affidavit, the presumption of proper service is rebutted and an evidentiary hearing is required (*see Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]; *Gray v Giannikios*, 90 AD3d 836 [2011]; *Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 983, 984-985 [2010]; *City of New York v Miller*, 72 AD3d 726, 727 [2010]). Here, the affidavits of service of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Bank of N.Y. v Espejo*, 92 AD3d 707, 708 [2012]; *US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]), and the affidavits submitted by the defendant William G. Todd were insufficient to rebut the presumption of proper service (*see Grinshpun v Borokhovich*, 100 AD3d 551, 552 [2012]). Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.