WASHINGTON MUTUAL BANK, Appellant, v MATTHEWS HUGGINS, Respondent, et al., Defendants. [35 NYS3d 127]—

In an action to foreclose a mortgage, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 25, 2014, as directed a hearing on that branch of the cross motion of the defendant Matthews Huggins which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and (2) from an order of the same court dated September 23, 2014, which, after a hearing, granted that branch of the cross motion of the defendant Matthews Huggins which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from so much of the order dated July 25, 2014, as directed a hearing on that branch of the cross motion of the defendant Matthews Huggins which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated July 25, 2014, is reversed insofar as appealed from, on the law, that branch of the cross motion of the defendant Matthews Higgins which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is denied, and the order dated September 23, 2014, is vacated; and it is further,

Ordered that the appeal from the order dated September 23, 2014, is dismissed as academic in light of our determination on the appeal from the order dated July 25, 2014; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

A process server's affidavit of service constitutes prima facie evidence of valid service (*see American Home Mtge. Servicing, Inc. v Gbede*, 127 AD3d 1004, 1005 [2015]; *Velez v Forcelli*, 125 AD3d 643, 644 [2015]; *Edwards, Angell, Palmer & Dodge, LLP v Gerschman*, 116 AD3d 824, 825 [2014]). A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit (*see Matter of Romero v Ramirez*, 100 AD3d 909, 910 [2012]; *Scarano v Scarano*, 63 AD3d 716, 716 [2009]). In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service (*see e.g. Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984, 985 [2016]; *Machovec v Svoboda*, 120 AD3d 772 [2014]; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824 [2011]).

Here, the affidavit of service contained sworn allegations reciting that service was made upon the defendant Matthews Huggins (hereinafter the defendant) by leaving the relevant papers with a person of suitable age and discretion, who identified himself as "Mr. Salas," at the defendant's residence, and by subsequently mailing a second copy of the papers to the defendant at the same address. Contrary to the determination of the Supreme Court, the defendant's submissions failed to rebut the affidavit of service, since they merely denied knowledge of a person named "Mr. Salas" and asserted that the defendant lived alone, but did not rebut the sworn allegation that a person fitting the physical description of "Mr. Salas" was present at the residence at the time and accepted service on behalf of the defendant (*see Bank of N.Y. v Espejo*, 92 AD3d 707, 708 [2012]; *Roberts v Anka*, 45 AD3d 752, 754 [2007]; *Granite Mgt. & Disposition v Sun*, 221 AD2d 186, 187 [1995]; *cf. Wachovia Bank, N.A. v Greenberg*, 138 AD3d at 985; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d at 824). Moreover, the defendant's conclusory assertion that he did not receive the mailed papers was similarly inadequate to overcome the inference of proper mailing that arose from the affidavit (*see European Am. Bank v Abramoff*, 201 AD2d 611, 612 [1994]; *Colon v Beekman Downtown Hosp.*, 111 AD2d 841, 841 [1985]). Accordingly, a hearing to determine the validity of service of process was not warranted under the circumstances of this case, the order directing that hearing must be reversed, and the order made

after the hearing must be vacated. Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.