In an action to foreclose a mortgage, the defendant Muhammad T. Kamil appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered December 2, 2014, which denied his motion, in effect, to vacate his default in appearing or answering the complaint and to dismiss the complaint insofar as asserted against him or, in the alternative, pursuant to CPLR 2004 and 3012 (d) to extend the time to file an answer.
 

 Ordered that the order is affirmed, with costs.
 

 In 2003, the defendant Muhammad T. Kamil (hereinafter the defendant) borrowed the sum of $259,000 from Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint), and in return executed a 30-year, fixed-rate note in that amount, which was secured by a mortgage given to Mortgage Electronic Registration Systems, Inc., as nominee for Greenpoint. After the defendant defaulted on the loan by failing to make the monthly mortgage payment due February 2010, the plaintiff, as holder of the note, commenced this foreclosure action. The defendant failed to appear or answer the complaint within the time allowed (see CPLR 320), and failed to appear at a mandatory conference (see CPLR 3408; Uniform Rules for Trial Courts [22 NYCRR] § 202.12-a [c] [1]). The defendant subsequently moved to vacate his default for lack of personal jurisdiction on the basis that he was never served with process. The Supreme Court denied the motion, and the defendant appeals. We affirm.
 

 CPLR 308 (2) provides, in pertinent part, that personal service upon a natural person may be made “by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence.” “Valid service pursuant to CPLR 308 (2) may be made by delivery of the summons and complaint to a person of suitable age and discretion who answers the door at a defendant’s residence, but is not a resident of the subject property” (Bank of N.Y. v Espejo, 92 AD3d 707, 708 [2012]).
 

 A process server’s affidavit of service constitutes prima facie evidence of proper service (see Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676 [2015]; JPMorgan Chase Bank, N.A. v Todd, 125 AD3d 933 [2015]). “Although a defendant’s sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server’s affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server’s affidavits” (Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [2014]; see Bank of N.Y. v Samuels, 107 AD3d 653 [2013]).
 

 Here, the process server’s affidavit of service contained sworn allegations reciting that service was made upon the defendant by leaving the relevant papers with a person of suitable age and discretion, namely “Sabir Ahmad, male relative,” at the defendant’s residence, and by subsequently mailing a second copy of the papers to the defendant at the same address (see CPLR 308 [2]). Accordingly, the affidavit of service constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308 (2) (see U.S. Bank N.A. v Telford, 153 AD3d 881, 881-882 [2017]; US Bank N.A. v Ramos, 153 AD3d 882, 884 [2017]).
 

 Contrary to the defendant’s contention, his affidavit failed to rebut the presumption of proper service arising from the process server’s affidavit as to service upon him. While the defendant denied knowledge of any person by the name of “Sabir Ahmad,” and asserted that no one by that name ever resided at the premises, he did not rebut the process server’s sworn allegation that a person fitting the physical description of Sabir Ahmad was present at the subject property at the time and accepted service on behalf of the defendant (see US Bank N.A. v Ramos, 153 AD3d at 884; Washington Mut. Bank v Huggins, 140 AD3d 858, 859 [2016]; Bank of N.Y. v Espejo, 92 AD3d at 708; cf. Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]). Moreover, the defendant’s conclusory assertion that he did not receive the mailed papers was similarly inadequate to overcome the inference of proper mailing that arose from the affidavit (see Washington Mut. Bank v Huggins, 140 AD3d at 859; European Am. Bank v Abramoff, 201 AD2d 611, 612 [1994]).
 

 The defendant’s remaining contentions are without merit.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.