TBF Fin., LLC v Eagle Tours, LLC (2019 NY Slip Op 04019)





TBF Fin., LLC v Eagle Tours, LLC


2019 NY Slip Op 04019


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-06649
 (Index No. 785/17)

[*1]TBF Financial, LLC, etc., respondent, 
v
Eagle Tours, LLC, defendant, Rui Sun, etc., et al., appellants.


Law Office of Peter L. Quan, PLLC, Flushing, NY (Haizhan Zheng of counsel), for appellants.
Heitner & Breitstein, P.C., Brooklyn, NY (Eugene M. Banta of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of a lease, the defendants Rui Sun and Pei Hua Wang appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated April 18, 2018. The order denied the motion of those defendants to vacate a judgment of the same court entered June 19, 2017, in favor of the plaintiff and against them upon their failure to appear or answer the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for an alleged breach of a lease the defendants had entered into with the plaintiff's assignor. On June 19, 2017, a judgment was entered in favor of the plaintiff and against the appellants upon the appellants' failure to appear or answer the complaint. On January 11, 2018, the appellants moved pursuant to CPLR 5015(a)(1) and (4) to vacate their default, asserting that they were never served with process and, therefore, the Supreme Court lacked personal jurisdiction. The court denied the motion.
"Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862-863 [internal quotation marks omitted]; see PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047; Roberts v Anka, 45 AD3d 752, 753).
A process server's affidavit of service constitutes prima facie evidence of proper service (see Rolling Acres Developers, LLC v Montinat, 166 AD3d 696, 697; Mizerek v Rosenfeld, 162 AD3d 1005, 1006; PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 996 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967; Rabinowitz v Rabinowitz, 137 AD3d 884, 885). "[A]n affidavit by the defendant that is conclusory or bare and unsubstantiated is not sufficient to rebut the presumption" (Rabinowitz v Rabinowitz, 137 AD3d at 885; see Deutsche [*2]Bank Natl. Trust Co. v Quinones, 114 AD3d 719).
Here, with respect to the appellant Rui Sun, the process server's affidavit of service contained sworn allegations attesting to the delivery and mailing of service pursuant to CPLR 308(2). The affidavit of service constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308(2) (see Nationstar Mtge., LLC v Kamil, 155 AD3d at 967). Sun does not refute that the process server's affidavit is prima facie evidence of service.
Contrary to the appellants' contention, Sun's affidavit failed to rebut the presumption of proper service upon him. Sun failed to rebut the process server's sworn allegations that the individual who was served with the relevant papers, Sai He, was Sun's coworker and present at the subject property at the time of the alleged service. While Sun claimed that he was told by Sai He that he did not receive any documents from the process server that day, Sun's assertion to that effect was inadmissible hearsay and amounted to a bare denial of receipt. Further, Sun's conclusory assertion that Sai He was not authorized to accept substitute service failed to establish that Sai He was not a person of suitable age and discretion under CPLR 308(2) (see Marathon Structured Asset Solutions Trust v Fennell, 153 AD3d 511, 512; Roldan v Thorpe, 117 AD2d 790, 791-792). Moreover, Sun's conclusory assertion that he did not receive the mailed papers was insufficient to overcome the presumption of proper mailing that arose from the process server's affidavit (see Nationstar Mtge., LLC v Kamil, 155 AD3d at 968; Washington Mut. Bank v Huggins, 140 AD3d 858, 859).
With respect to the appellant Pei Hua Wang, the process server's affidavit of service stated that Wang was personally served at her residence and, thus, demonstrated prima facie service of the summons and complaint upon her pursuant to CPLR 308(1).
Wang's affidavit was insufficient to rebut the presumption of proper service upon her arising from the process server's affidavit. She failed to substantiate her claim that she was not at home at the time of service (see NYCTL 1997-1 Trust v Nillas, 288 AD2d 279; Green Point Sav. Bank v Clark, 253 AD2d 514, 515).
To the extent that the appellants' motion sought vacatur pursuant to CPLR 5015(a)(1), they were not entitled to such relief, since they failed to set forth a reasonable excuse for their default. Thus, it is unnecessary to consider whether they sufficiently demonstrated a potentially meritorious defense (see PNC Bank, N.A. v Bannister, 161 AD3d at 1116; Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652).
Accordingly, the Supreme Court properly denied the appellants' motion to vacate the judgment entered June 19, 2017, in favor of the plaintiff and against them upon their failure to appear or answer the complaint.
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court