Federal Natl. Mtge. Assn. v Lakas (2019 NY Slip Op 06476)





Federal Natl. Mtge. Assn. v Lakas


2019 NY Slip Op 06476


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-09813
 (Index No. 16197/10)

[*1]Federal National Mortgage Association, respondent,
v
Alfred Lakas, et al., defendants, Maria Lakas, appellant. Anthony C. Giordano, Garden City, NY, for appellant.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas, Alexandra R. Heaney, and Ross M. Eisenberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maria Lakas appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 23, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered December 12, 2016, upon her failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff's predecessor in interest commenced this mortgage foreclosure action in June 2010, and the defendant Maria Lakas (hereinafter the appellant) failed to appear or answer the complaint. A judgment of foreclosure and sale was subsequently entered on December 12, 2016. In March 2017, the appellant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) dismiss the complaint insofar as asserted against her on the ground that she was not properly served with the summons and complaint. The Supreme Court denied those branches of the appellant's motion.
In an affidavit of service, the process server averred, in relevant part, that the appellant was served pursuant to CPLR 308(2) by leaving a copy of the summons and complaint at her dwelling, i.e. the mortgaged premises, with a person of suitable age and discretion, " JANE' LAKAS (FAMILY MEMBER)," on June 29, 2010, and by mailing a second copy of the summons and complaint to the same address on July 2, 2010. The process server's affidavit constituted prima facie evidence of proper service on the appellant (see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776). In order to overcome the presumption raised by the process server's affidavit, the appellant was required to submit a sworn denial of receipt containing specific facts to refute the statements contained in the affidavit of service (see U.S. Bank, N.A. v Peralta, 142 AD3d 988).
The appellant's affidavit submitted in support of her motion contained only bare and unsubstantiated denials and, thus, was insufficient to rebut the presumption of proper service (see Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967; Wells Fargo Bank, N.A. v Decesare, 154 AD3d [*2]717, 718; Bank of N.Y. v Espejo, 92 AD3d 707, 708; City of New York v Miller, 72 AD3d 726, 727). The appellant's remaining contentions are without merit. Accordingly, we agree with the Supreme Court's determination to deny, without a hearing, those branches of the appellant's motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court