622 VCA, LLC v Black (2022 NY Slip Op 50360(U))

[*1]

622 VCA, LLC v Black

2022 NY Slip Op 50360(U) [75 Misc 3d 126(A)]

Decided on April 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2021-593 W C

622 VCA, LLC, Respondent,
against
Jamela Elizabeth Black, Appellant. 

Lawrence R. Sykes, P.C. (Lawrence R. Sykes of counsel), for appellant.
Stephen P. Dewey, for respondent.

Appeal from an order of the City Court of Yonkers, Westchester County (Evan Inlaw, J.),
entered September 13, 2021. The order denied defendant's motion to vacate a judgment of that
court entered June 28, 2021 upon defendant's failure to appear or answer the complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover for breach of an apartment lease agreement.
According to the affidavit of service, copies of the summons and complaint were served on
December 2, 2020 at 2:40 p.m. by handing them to a "Jane Doe" at defendant's residence in the
Bronx, NY Jane Doe was described in the affidavit of service as a female with brown skin and
black hair, about 22 years of age, approximately 5 feet 5 inches and 140 pounds. The process
server averred that Jane Doe identified herself as defendant's co-tenant and confirmed defendant's
nonmilitary status. The process server also stated that, on December 2, 2020, he mailed a copy of
the summons and complaint to defendant at the same address. Defendant failed to appear or
answer, and a default judgment was entered against her on June 28, 2021. The following month,
defendant moved to vacate the default judgment on the ground of lack of jurisdiction (see
CPLR 5015 [a] [4]), alleging that service of the summons and complaint "could not have been
made in the manner alleged in the [process server's] affidavit" because she did not have a female
co-t[*2]enant at the time of service. By order entered September
13, 2021, the City Court (Evan Inlaw, J.), without ordering a traverse hearing, denied the
motion.
The process server's affidavit of service constituted prima facie evidence of proper service
(see CPLR 308 [2]), and, in order to rebut this showing and raise an issue of fact
necessitating a traverse hearing, defendant was required to submit a sworn, nonconclusory and
factually specific denial of service (see
Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967 [2017]; Deutsche Bank Natl. Trust Co. v
Quinones, 114 AD3d 719, 719 [2014]; Daimler Trust v Ferro, 58 Misc 3d 152[A], 2018 NY Slip Op
50116[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
To the extent that defendant's statement was intended to assert that she had never received
the summons and complaint in this action, her denial of receipt is insufficient to rebut the
presumption of proper service. Defendant did not deny that she lives at the address where the
summons and complaint were served and mailed. Though she denied having a female co-tenant,
she did not deny that someone fitting the physical description set forth in the affidavit of service
was present at the residence at the time and accepted service on defendant's behalf (see
Nationstar Mtge., LLC v Kamil, 155 AD3d at 967-968; US Bank N.A. v Ramos, 153 AD3d 882, 884 [2017]; Washington Mut. Bank v Huggins, 140
AD3d 858, 859 [2016]; Bank of NY
v Espejo, 92 AD3d 707, 708 [2012]; Roberts v Anka, 45 AD3d 752, 754 [2007]; Daimler Trust v
Ferro, 2018 NY Slip Op 50116[U], *2). Consequently, the City Court properly denied,
without a traverse hearing, defendant's motion to vacate the default judgment.
Accordingly, the order is affirmed.
DRISCOLL, J.P., VOUTSINAS and WARHIT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2022