Unifund CCR, LLC v Valvis (2022 NY Slip Op 04577)

Unifund CCR, LLC v Valvis

2022 NY Slip Op 04577

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-07967
 (Index No. 700348/13)

[*1]Unifund CCR, LLC, respondent,
v
Adonis Valvis, appellant.

Richard A. Solomon, Esq., LLP (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Mullooly, Jeffrey, Rooney & Flynn LLP, Syosset, NY (Gillian Brown of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of a revolving credit agreement, the defendant appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 2, 2020. The order denied the defendant's motion to vacate a judgment of the same court entered May 7, 2013, upon his failure to appear or answer the complaint.
ORDERED that the order is affirmed, with costs.
The defendant moved to vacate a judgment entered upon his failure to appear or answer the complaint, contending, inter alia, that he was not served with the summons and complaint. In an order entered October 2, 2020, the Supreme Court denied the motion, finding that the defendant's affidavit failed to controvert the process server's affidavit of service. The defendant appeals.
"A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit" (Washington Mut. Bank v Huggins, 140 AD3d 858, 859). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (Bethpage Fed. Credit Union v Grant, 178 AD3d at 998 [internal quotation marks omitted]).
Here, the process server's affidavit, in which he stated that he served the defendant by delivering the summons and complaint to "JANE SMITH," a cotenant, at the defendant's address and by mailing the summons and complaint to the defendant at that address by regular mail, constituted prima facie evidence of service pursuant to CPLR 308(2). In response, the defendant failed to rebut the presumption of proper service arising from the process server's affidavit of service. The defendant's assertion that he "lived alone" did not rebut the process server's sworn allegation that a person matching the description of "JANE SMITH" was present at the time of service and accepted service on behalf of the defendant (see Rattner v Fessler, 202 AD3d 1011; [*2]Bank of N.Y. Mellon Trust Co., N.A. v Kahn, 192 AD3d 1070; Washington Mut. Bank v Huggins, 140 AD3d 858). Moreover, the defendant's assertion that the summons and complaint may have been delivered to someone in one of the other two residences in his building was speculative.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the defendant's motion to vacate the judgment.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court