Carpio v Morris (2024 NY Slip Op 00293)

Carpio v Morris

2024 NY Slip Op 00293

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-01245
 (Index No. 611610/21)

[*1]Melvin Carpio, respondent, 
v
Cory Morris, appellant.

Young & Young, LLP, Central Islip, NY (Richard W. Young of counsel), for appellant.
Levin Law Group, Brooklyn, NY (Alexander Golant of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated October 5, 2021. The order, insofar as appealed from, denied the defendant's motion, inter alia, to vacate the notice of pendency and, in effect, pursuant to CPLR 3211(a) to dismiss the action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 4, 2021, the plaintiff (hereinafter the buyer) entered into a contract with the defendant to purchase certain real property located in Huntington Station (hereinafter the subject property). The contract included a mortgage contingency clause and provided that the buyer would make a down payment of $18,375. Additionally, pursuant to a rider to the contract, the parties agreed that, "[i]f, after receipt of [a mortgage loan commitment], the lending institution fails to fund the loan, for any reason except bad faith act or omission of the [buyer], the contract shall be terminated and the downpayment returned." The buyer paid the down payment pursuant to the contract.
Thereafter, the buyer commenced this action, alleging that a lender refused to fund his loan because the defendant failed to fix a pool cover at the subject property and, under these circumstances, the buyer was entitled to a return of the down payment pursuant to the rider. The buyer sought the return of his down payment or a "foreclosure on the deposit." Additionally, he filed a notice of pendency against the subject property. The defendant moved, inter alia, to vacate the notice of pendency and, in effect, pursuant to CPLR 3211(a)(1), (7), and (8) to dismiss the action. By order dated October 5, 2021, the Supreme Court, among other things, denied the defendant's motion. The defendant appeals.
The Supreme Court properly denied dismissal of the action pursuant to CPLR 3211(a)(1) and (7). On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must liberally construe the allegations, accept all facts as alleged to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Cantor v Villucci, 212 AD3d 765, 766; Gorbatov v Tsirelman, 155 AD3d 836, 837). [*2]"Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it[,] . . . dismissal should not eventuate" (Churong Liu v Gabbay, 219 AD3d 459, 460 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). A motion to dismiss pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations and conclusively establishes a defense to the claims as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Gorbatov v Tsirelman, 155 AD3d at 837).
"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960 [internal quotation marks omitted]; see Stewart v Berger, 192 AD3d 940, 941). Here, as alleged, the contract provided that the buyer's down payment must be returned if the lending institution failed to fund his loan, but the defendant refused to return the down payment after the lender failed to fund the loan. Under the circumstances present here, these allegations were sufficient to set forth a cognizable cause of action against the defendant to recover damages for breach of contract (see Law Offs. of Harry J. Binder & Charles E. Binder, P.C. v Fraga, 207 AD3d 455, 456). The defendant's submissions were insufficient to establish that a material fact claimed by the buyer was not a fact at all (see Guggenheimer v Ginzburg, 43 NY2d at 274-275). Further, the defendant's submissions in support of his motion either did not constitute documentary evidence within the intendment of CPLR 3211(a)(1), or failed to utterly refute the buyer's allegations or conclusively establish a defense as a matter of law (see CPLR 3211[a][1]; Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d 731, 733).
With respect to dismissal pursuant to CPLR 3211(a)(8) on the ground of lack of personal jurisdiction, the defendant argued that service was defective because the individual who accepted service was not "authorized" to do so and that certain exhibits were not included within the papers that were served. Contrary to the defendant's contention, CPLR 308(2) does not require that the person accepting service be "authorized" to accept service on his behalf, be employed by him, or be a resident of his dwelling place. Rather, valid service pursuant to CPLR 308(2) may be made by delivery of the summons to a person of suitable age and discretion at a defendant's actual place of business (see CPLR 308[2]; see also Bank of N.Y. v Espejo, 92 AD3d 707, 708). Here, the defendant is a practicing attorney. The record, including an affidavit of service, reflects that the relevant papers were served on a person of suitable age and discretion at the defendant's law office (see generally CPLR 308[2]). The defendant does not dispute that his law office was his actual place of business. Further, the defendant's denial of the receipt of certain exhibits is bare and unsubstantiated (see Onewest Bank, N.A. v Mahoney, 154 AD3d 771, 772; Bank of N.Y. v Espejo, 92 AD3d at 708). Accordingly, on this record, the defendant failed to establish that service was defective.
The defendant failed to demonstrate that the buyer's notice of pendency was improper. Under the circumstances present here, where the contract provided that all monies paid pursuant to the contract become liens on the subject property and the buyer sought a return of down payment money paid pursuant to the contract, a notice of pendency was appropriate (see CPLR 6501; Krishna v Jasper Old Westbury 66 LLC, 175 AD3d 600, 602).
The parties' remaining contentions are without merit.
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court