Matter of Rockman v Nassau County Sheriff's Dept. (2024 NY Slip Op 00770)

Matter of Rockman v Nassau County Sheriff's Dept.

2024 NY Slip Op 00770

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-04747
 (Index No. 612361/17)

[*1]In the Matter of George Rockman, petitioner- respondent, 
v
Nassau County Sheriff's Department, respondent, Ana Rockman, also known as Ana D. Gamero, appellant.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant.
George Rockman, Phoenix, Arizona, petitioner-respondent pro se.

DECISION & ORDER
In a proceeding pursuant to CPLR 5206(e) to compel the sale of a homestead to satisfy a money judgment, Ana Rockman, also known as Ana D. Gamero, appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered May 28, 2021. The order, insofar as appealed from, denied that branch of her motion which was pursuant to CPLR 5015(a) to vacate a judgment of the same court (Antonio I. Brandveen, J.), entered January 28, 2019, on her default in appearing in the proceeding.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether Ana Rockman, also known as Ana D. Gamero, was properly served with process and for a new determination of that branch of the motion thereafter.
This is a proceeding to compel the sale of a homestead to satisfy a money judgment. The Supreme Court entered a judgment on the default of the respondent Ana Rockman, also known as Ana D. Gamero (hereinafter the appellant), in appearing. Thereafter, the appellant moved, inter alia, pursuant to CPLR 5015(a) to vacate the judgment. In an order entered May 28, 2021, the court, among other things, denied that branch of her motion. She appeals.
"Service of process must be made in strict compliance with statutory methods for effecting personal service upon a natural person pursuant to CPLR 308" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897 [internal quotation marks omitted]; see Castillo-Florez v Charlecius, 220 AD3d 1, 6). "[T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897 [internal quotation marks omitted]; see Rattner v Fessler, 202 AD3d 1011, 1016). "When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Fernandez, 208 AD3d 1151, 1152).
"The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897 [*2][internal quotation marks omitted]). "A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit" (Washington Mut. Bank v Huggins, 140 AD3d 858, 859). "[T]o warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (id. at 859).
Here, the process server's affidavit of service, in which he averred that he personally served the appellant, constituted prima facie evidence of valid service pursuant to CPLR 308(1) (see U.S. Bank N.A. v Smith, 210 AD3d 725, 727). However, the Supreme Court erred in determining this branch of the motion without first conducting a hearing. The appellant demonstrated her entitlement to a hearing on the issue of service by submitting, among other evidence, her sworn denial, setting forth significant discrepancies between the description of the person allegedly served and the appellant's physical appearance (see Bank of N.Y. Mellon v Ortiz, 174 AD3d 489, 490; Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813, 815; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897). Under these circumstances, the appellant is entitled to a hearing on the issue of whether service was properly effected pursuant to the personal delivery provisions of CPLR 308(1) (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the appellant was properly served with process and for a new determination of that branch of the motion thereafter.
The appellant's remaining contentions either need not be addressed in light of our determination or are without merit.
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.

2021-04747 DECISION & ORDER ON MOTION
In the Matter of George Rockman, petitioner-
respondent, v Nassau County Sheriff's Department,
respondent, Ana Rockman, also known as Ana D.
Gamero, appellant.
(Index No. 612361/17)

Motion by petitioner-respondent, inter alia, in effect, to dismiss a portion of the appeal from the order entered May 28, 2021, on the ground that it has been rendered academic and to dismiss the appeal from the order entered May 28, 2021, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated December 8, 2023, those branches of the petitioner-respondent's motion which are, in effect, to dismiss a portion of the appeal from the order entered May 28, 2021, on the ground that it has been rendered academic and to dismiss the appeal from the order entered May 28, 2021, on the ground that no appeal lies from an order denying reargument were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is, in effect, to dismiss a portion of the appeal from the order entered May 28, 2021, on the ground that it has been rendered academic is denied; and it is further,
ORDERED that the branch of the motion which is, in effect, to dismiss the appeal from the order entered May 28, 2021, on the ground that no appeal lies from an order denying reargument is denied as academic, since the appellant has withdrawn her appeal from so much of the order as denied that branch of her motion which was for leave to reargue.
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court