Synchrony Bank v Anwar (2026 NY Slip Op 50052(U))

[*1]

Synchrony Bank v Anwar

2026 NY Slip Op 50052(U)

Decided on January 19, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 19, 2026
Supreme Court, Kings County

Synchrony Bank, Plaintiff,

againstZohra Anwar, Defendant.

Index No. 533472/2024

Selip & Stylianou, LLP, Woodbury (Kenneth J. DeCota of counsel) for plaintiff.Zohra Anwar, defendant pro se.

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on these motions: Doc Nos. 11-25. Additionally, Defendant's notice of cross-motion, affirmation, and attached exhibits, filed in original hardcopy, were also used on these motions.
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, the within motions are determined as follows.
BackgroundThis is an action to collect on a credit card debt. Plaintiff Synchrony Bank alleged that Defendant Zohra Anwar contracted for a revolving credit account, which Defendant denied. Plaintiff moved for summary judgment on the complaint (Mot. Seq. 1). Defendant cross-moved to deny Plaintiff's motion, and to dismiss the complaint for lack of personal jurisdiction or direct a traverse hearing on service of the complaint (Mot, Seq. 2).
In moving for summary judgment, Plaintiff relied on the affirmation of Nikki Penarandabollozos, an employee and media representative, and annexed exhibits to establish that Defendant owed $2,042.11 on the subject credit card account. The annexed exhibits included what are alleged to be the credit card agreement and monthly account statements.
Defendant disputed the substituted service reflected in the process server's affirmation. Process server Imaren Obanor affirmed in his affirmation of service that on January 17, 2025, at 6:50 p.m., at Defendant's apartment 20N in a Brooklyn address, he served the summons and complaint on Defendant by delivering the papers to Hamza Ahmed, who identified himself as a co-resident. Mr. Ahmed was described as being a black-haired Asian male who was 35-45 years of age, 5'6"-5'8" tall, and weighing 180-200 lbs. The process server then mailed the papers to Defendant, which she acknowledged as receiving.
Defendant asserted, "I reside alone, I do not know anyone by the name of Hamza Ahmed, and no one matching the description of the person served would have been at my home, nor would anyone have described themselves as my co-resident" (Anwar aff ¶ 6). Defendant also asserted that initially in an answer she claimed, "I did not receive a copy of the Summons and Complaint; I have paid all or part of the alleged debt; I dispute the amount of the debt. . ." (id. ¶ 9). In an amended answer, she claimed, "I received the Summons and Complaint, but service was not correct as required by law; It is not my debt, I am a victim of identity theft or mistaken identity; I have paid all or part of the alleged debt; I dispute the amount of the debt; I had not business dealings with Plaintiff. . ." (id. ¶11). Defendant disputed the admissibility of the documentation submitted by Plaintiff. She claimed that there were material issues of fact and the discovery had not taken place.[FN2]

Discussion
In her affirmation, Ms. Penarandabollozos attested to having personal knowledge of the procedures for creating and maintaining Plaintiff's business records, which were made in the regular course of business. It was the regular course of the business to make the records, which were made at or near the time of the events recorded. Defendant was issued a PayPal credit card with a designated account number, on July 6, 2015. As provided in the credit card agreement, Defendant agreed to pay for all goods, services, and cash advances provided pursuant to the agreement. The amount of the last payment was $43.00, on March 20, 2024. Defendant was [*2]now in default and demand for payment was made. Defendant owed $2,042.11.
The Court finds that "The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on its cause of action to recover damages for breach of contract by tendering sufficient evidence that there was an agreement, which the defendant accepted by [her] use of a certain credit card issued by the plaintiff and payments made thereon, and which was breached by the defendant when [she] failed to make the required payments (see Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522, 523-524 [2012]; Citibank [S.D.] N.A. v Sablic, 55 AD3d 651, 652 [2008]; Feder v Fortunoff, Inc., 114 AD2d 399, 399 [1985])" (Citibank [South Dakota], N.A. v Keskin, 121 AD3d 635, 636 [2d Dept 2014]). The affirmation of Ms. Penarandabollozos did lay a sufficient foundation for the admission of Plaintiff's business records (see Bank of NY Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]). Defendant failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Frankly, Defendant's position is internally inconsistent. On the one hand, she claims that she paid all or part of the alleged debt yet on the other hand she asserts that it is not her debt and that she had no business dealings with Plaintiff. It is noted that Defendant did not file any report of improper use of her credit card with anyone. The address on the account statements was her address — the same one where the process server attested to have served the summons and complaint upon Hamza Ahmed. 
As regards Defendant's assertion of lack of personal jurisdiction, in a decision on point, the Appellate Division held as follows:
CPLR 308 (2) provides, in pertinent part, that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence." "Valid service pursuant to CPLR 308 (2) may be made by delivery of the summons and complaint to a person of suitable age and discretion who answers the door at a defendant's residence, but is not a resident of the subject property" (Bank of NY v Espejo, 92 AD3d 707, 708 [2012]).A process server's affidavit of service constitutes prima facie evidence of proper service (see Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676 [2015]; JPMorgan Chase Bank, N.A. v Todd, 125 AD3d 933 [2015]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [2014]; see Bank of NY v Samuels, 107 AD3d 653 [2013]).Here, the process server's affidavit of service contained sworn allegations reciting that service was made upon the defendant by leaving the relevant papers with a person of suitable age and discretion, namely "Sabir Ahmad, male relative," at the defendant's residence, and by subsequently mailing a second copy of the papers to the defendant at [*3]the same address (see CPLR 308 [2]). Accordingly, the affidavit of service constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308 (2) (see U.S. Bank N.A. v Telford, 153 AD3d 881, 881-882 [2017]; US Bank N.A. v Ramos, 153 AD3d 882, 884 [2017]).Contrary to the defendant's contention, his affidavit failed to rebut the presumption of proper service arising from the process server's affidavit as to service upon him. While the defendant denied knowledge of any person by the name of "Sabir Ahmad," and asserted that no one by that name ever resided at the premises, he did not rebut the process server's sworn allegation that a person fitting the physical description of Sabir Ahmad was present at the subject property at the time and accepted service on behalf of the defendant (see US Bank N.A. v Ramos, 153 AD3d at 884; Washington Mut. Bank v Huggins, 140 AD3d 858, 859 [2016]; Bank of NY v Espejo, 92 AD3d at 708; cf. Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]). (Nationstar Mtge. v Kamil, 155 AD3d 966, 967-968 [2d Dept 2017].)Similar to the Kamil case, here the process server's affirmation of service contained affirmed allegations reciting that service was made upon the defendant by leaving the relevant papers with a person of suitable age and discretion, namely Hamza Ahmed, at Defendant's residence (with a photo of the apartment door). This constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308 (2). While the defendant denied knowledge of any person by the name of Hamza Ahmed and asserted that she did not know anyone by that name, no one matching the description of him would have been at her home, and neither would anyone have described themselves as her co-resident, this does not rebut the process server's affirmed allegation that a person fitting the physical description of Hamza Ahmed was present at the subject property at the time and accepted service on behalf of Defendant. The Court notes that the phraseology of Defendant's statement in paragraph 6 of her affirmation is such that it lacks a denial that the person described by the process server was present on the date of service. Defendant attested that no one matching the description would have been at her home does not eliminate the fact that someone who differed slightly in description was present. That she does not know the person does not mean that the person was not present.
Also determinative of the instant motion is the opinion in Wells Fargo Bank, N.A. v Decesare (154 AD3d 717, 717-718 [2d Dept 2017]):
The burden of proving that personal jurisdiction was acquired over a defendant rests with the plaintiff (see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]). A process server's affidavit of service constitutes prima facie evidence of valid service (see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]; Washington Mut. Bank v Holt, 71 AD3d 670 [2010]). A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit (see Wachovia Bank, N.A. v Greenberg, 138 AD3d at 985). In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service (see Emigrant Mtge. Co., [*4]Inc. v Westervelt, 105 AD3d 896 [2013]; Bank of NY v Espejo, 92 AD3d 707 [2012]; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824 [2011]; Associates First Capital Corp. v Wiggins, 75 AD3d 614 [2010]).Here, the affidavit of service contained sworn allegations reciting that service was made upon the defendant Angela Decesare, also known as Angela T. DeCesare (hereinafter the defendant), by leaving the relevant papers with a person of suitable age and discretion, who identified himself as "John DeCesare," at the defendant's residence, and by subsequently mailing a second copy of the papers to the defendant at the same address. The affidavit of service included a description of "John DeCesare." Contrary to the determination of the Supreme Court, the defendant's submissions failed to rebut the affidavit of service, since they stated that the only person fitting that description who resided at the premises was the defendant's son Richard, and Richard could not have been present at the time of the alleged service since he was at work. The defendant's submissions did not rebut the sworn allegation that a person fitting the physical description of "John DeCesare" was present at the residence at the time and accepted service on behalf of the defendant (see Wells Fargo Bank, N.A. v Walter, 142 AD3d 992 [2016]; Washington Mut. Bank v Huggins, 140 AD3d 858 [2016]; Roberts v Anka, 45 AD3d 752, 754 [2007]). Indeed, "[v]alid service pursuant to CPLR 308 (2) may be made by delivery of the summons and complaint to a person of suitable age and discretion who answers the door at a defendant's residence, but is not a resident of the subject property" (Bank of NY v Espejo, 92 AD3d at 708). Moreover, the defendant did not deny that she received the papers in the mail and thus did not overcome the inference of proper mailing that arose from the affidavit of service (see Washington Mut. Bank v Huggins, 140 AD3d 858 [2016]). Accordingly, a hearing to determine the validity of service of process was not warranted under the circumstances of this case (see id.), and the Supreme Court should have denied that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.Decesare was another instance where the defendant contested someone being served with the description set forth in the process server's affidavit and the Court determined that the defendant's assertions failed to rebut the affidavit of service. In addition, as is the situation herein, "the defendant did not deny that she received the papers in the mail and thus did not overcome the inference of proper mailing that arose from the affidavit of service" (Wells Fargo Bank, N.A. v Decesare, 154 AD3d at 718). "[A] hearing to determine the validity of service of process" — which is alternative relief sought by Defendant Anwar — "was not warranted under the circumstances of this case" (id.).
With respect to the defendant Ramos in U.S. Bank N.A. v Ramos, 153 AD3d 882, 884 [2d Dept 2017], the Court held:
Contrary to the defendants' contention, their submissions failed to rebut the presumption of proper service arising from the process server's affidavit as to service upon Ramos. While the defendants and a neighbor, in sworn affidavits, denied knowledge of a person [*5]named "Alicea Ramos," and asserted that the defendants were the only adults living at the subject property, they did not rebut the sworn allegation of the process server that a person fitting the physical description of "Alicea Ramos" was present at the subject property at the time and accepted service on behalf of Ramos (see Washington Mut. Bank v Huggins, 140 AD3d at 859; Bank of NY v Espejo, 92 AD3d 707, 708 [2012]; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 825 [2011]; cf. Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]). Thus, a hearing to determine the validity of service of process upon Ramos was not warranted.Likewise, Defendant's denial of knowledge of anyone by the name of Hamza Ahmed and assertion that she lives alone and there are no co-tenants does not suffice to rebut the sworn allegation of the process server that a person fitting the physical description of Hamza Ahmed was present at apartment 20N at the time and accepted service on behalf of her. Contrast this with the holding in the same decision that with respect to another defendant, Medrano, a hearing was necessary because Medrano denied that she resided at the premises where service was effectuated.
Averring that the person allegedly served or a person matching the description set forth in the process server's affidavit did not live at the subject premises was insufficient in Deutsche Bank v Natl. Trust Co. v Benitez (179 AD3d 891, 892 [2d Dept 2020]): 
Contrary to the defendants' contention, their affidavits failed to raise a question of fact sufficient to warrant a hearing on the validity of service of process. The plaintiff's process server averred, inter alia, that he delivered the summons and complaint to a person named Eduardo Benitez, a person of suitable age and discretion, and provided a description of that person. In their respective affidavits, the defendants each averred that the person allegedly served, i.e., Eduardo Benitez, or a person matching the description set forth in the process server's affidavit, did not live at the subject premises. However, there is no requirement under CPLR 308 (2) that the subject person of suitable age and discretion reside at the premises. Further, the defendants did not deny that a nonresident with the name Eduardo Benitez or matching the description of the person allegedly served received the summons and complaint, or that a copy of the summons and complaint had been mailed to them at the subject property. Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale. Since the defendants failed to demonstrate lack of personal jurisdiction, we also agree with the court's determination to deny that branch of their motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.In light of the foregoing consistent case law, Defendant Zohra Anwar's cross-motion, to the extent that it seeks dismissal of Plaintiff's complaint or alternatively a traverse hearing, must be rejected. That service of the summons and complaint by delivery to a person of suitable age and discretion and mailing to Defendant was effectuated pursuant to CPLR 308 (2) was not rebutted by her.

Conclusion
It is hereby ORDERED as follows:
(a) Plaintiff Synchrony Bank's motion for an order directing the entry of summary judgment on the causes of action in the complaint (Mot. Seq. 1) is GRANTED, and the Clerk shall enter judgment in favor of Plaintiff and against Defendant Zohra Anwar in the amount of $2,042.11.
(b) Defendant Zohra Ahmed's cross-motion to deny Plaintiff's motion and to dismiss the complaint for lack of personal jurisdiction or direct a traverse hearing on service of the complaint (Mot, Seq. 2) is DENIED.

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Although Defendant was self-represented, her papers were drafted with the assistance of an unnamed attorney.