In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ruderman, J.), dated May 29, 2016, which, upon a decision of the same court (Smith, J.) dated March 29, 2016, made after a hearing to determine the validity of service of process, denied its motion, inter alia, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and to appoint a referee, and granted that branch of the cross motion of the defendant Angela Decesare, also known as Angela T. DeCesare, which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
 

 Ordered that the order is reversed, on the law, with costs, that branch of the cross motion of the defendant Angela Decesare, also known as Angela T. DeCesare, which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction is denied, and the matter is remitted to the Supreme Court, Westchester County, for a determination on the merits of the plaintiff’s motion, inter alia, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and to appoint a referee, and a determination of the remaining branch of the cross motion of the defendant Angela Decesare, also known as Angela T. DeCesare.
 

 The burden of proving that personal jurisdiction was acquired over a defendant rests with the plaintiff (see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]). A process server’s affidavit of service constitutes prima facie evidence of valid service (see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]; Washington Mut. Bank v Holt, 71 AD3d 670 [2010]). A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server’s affidavit (see Wachovia Bank, N.A. v Greenberg, 138 AD3d at 985). In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896 [2013]; Bank of N.Y. v Espejo, 92 AD3d 707 [2012]; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824 [2011]; Associates First Capital Corp. v Wiggins, 75 AD3d 614 [2010]).
 

 Here, the. affidavit of service contained sworn allegations reciting that service was made upon the defendant Angela Decesare, also known as Angela T. DeCesare (hereinafter the defendant), by leaving the relevant papers with a person of suitable age and discretion, who identified himself as “John DeCesare,” at the defendant’s residence, and by subsequently mailing a second copy of the papers to the defendant at the same address. The affidavit of service included a description of “John DeCesare.” Contrary to the determination of the Supreme Court, the defendant’s submissions failed to rebut the affidavit of service, since they stated that the only person fitting that description who resided at the premises was the defendant’s son Richard, and Richard could not have been present at the time of the alleged service since he was at work. The defendant’s submissions did not rebut the sworn allegation that a person fitting the physical description of “John DeC-esare” was present at the residence at the time and accepted service on behalf of the defendant (see Wells Fargo Bank, N.A. v Walter, 142 AD3d 992 [2016]; Washington Mut. Bank v Huggins, 140 AD3d 858 [2016]; Roberts v Anka, 45 AD3d 752, 754 [2007]). Indeed, “[v]alid service pursuant to CPLR 308 (2) may be made by delivery of the summons and complaint to a person of suitable age and discretion who answers the door at a defendant’s residence, but is not a resident of the subject property” (Bank of N.Y. v Espejo, 92 AD3d at 708). Moreover, the defendant did not deny that she received the papers in the mail and thus did not overcome the inference of proper mailing that arose from the affidavit of service (see Washington Mut. Bank v Huggins, 140 AD3d 858 [2016]). Accordingly, a hearing to determine the validity of service of process was not warranted under the circumstances of this case {see id.), and the Supreme Court should have denied that branch of the defendant’s cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
 

 The Supreme Court denied the plaintiff’s motion, inter alia, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and to appoint a referee based on its determination that personal jurisdiction was not obtained over the defendant. Moreover, the court did not consider the remaining branch of the defendant’s cross motion. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a determination on the merits of the plaintiff’s motion and the remaining branch of the defendant’s cross motion (see Everhome Mtge. Co. v Berger, 151 AD3d 811, 813 [2017]).
 

 Dillon, J.P., Chambers, Cohen and Ian-nacci, JJ., concur.