Nationstar Mtge., LLC v Einhorn (2020 NY Slip Op 04173)





Nationstar Mtge., LLC v Einhorn


2020 NY Slip Op 04173


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-03518
 (Index No. 503049/14)

[*1]Nationstar Mortgage, LLC, respondent,
v
Josh Einhorn, appellant, et al., defendants.


Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant.
Sandelands Eyet LLP, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Josh Einhorn appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 29, 2017. The order denied that defendant's motion, in effect, pursuant to CPLR 5015 to vacate a judgment of foreclosure and sale entered July 24, 2017, upon that defendant's default in appearing or answering the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
On or about February 21, 2014, the plaintiff commenced this action to foreclose a consolidated mortgage encumbering certain real property located in Brooklyn, which was owned by the defendant Josh Einhorn (hereinafter the defendant). The defendant was purportedly served on June 2, 2014, by delivery of the summons and complaint to a person of suitable age and discretion at the defendant's residence, which was followed by a first-class mailing to that address. The defendant failed to answer the complaint, and the Supreme Court issued an order of reference upon his default. On July 24, 2017, the Supreme Court entered a judgment of foreclosure and sale. In September 2017, the defendant moved, in effect, pursuant to CPLR 5015 to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated December 29, 2017, the Supreme Court denied the defendant's motion. The defendant appeals.
The Supreme Court should not have denied the defendant's motion on the ground that the defendant "is no longer the owner of the [subject] property and cannot raise jurisdictional defenses." Since that ground was never raised by the parties, the defendant had no opportunity to address the issue, and this "lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54; see Frank M. Flower & Sons, Inc. v North Oyster Bay Baymen's Assn., Inc., 150 AD3d 965, 966).
Nevertheless, we agree with the Supreme Court's denial of the defendant's motion, albeit for a different reason from that stated by the court. "The burden of proving that personal jurisdiction was acquired over a defendant rests with the plaintiff" (Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 717). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (HSBC Bank USA, N.A. v Assouline, 177 AD3d 603, 604 [internal quotation marks omitted]). " Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavit'" (U.S. Bank N.A. v Aorta, 176 AD3d 755, 756, quoting Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 764).
Here, the process server averred that on June 2, 2014, service was effectuated by leaving the summons and complaint with a person of suitable age and discretion at the defendant's residence, "Mr. Einhorn," and by subsequently mailing a copy of the papers to the defendant at the same address (see CPLR 308[2]). Accordingly, the affidavit of service constituted prima facie evidence of proper service on the defendant (see Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967). The defendant's affidavit was insufficient to rebut the presumption of proper service established by the affidavit of service, since the defendant failed to swear to specific facts rebutting the process server's sworn allegations that a person fitting the description of "Mr. Einhorn" was present at the defendant's residence at the time and accepted service on behalf of the defendant (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d at 718). Thus, a hearing to determine the validity of service was not warranted, and we agree with the Supreme Court's denial of that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (see id.).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
MASTRO, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court