U.S. Bank N.A. v Hawthorne (2022 NY Slip Op 04575)

U.S. Bank N.A. v Hawthorne

2022 NY Slip Op 04575

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-00517
 (Index No. 501225/19)

[*1]U.S. Bank National Association, etc., respondent,
v
Keith Hawthorne, etc., appellant, et al., defendants.

Keith Hawthorne, Mahopac, NY, appellant pro se.
Houser LLP, New York, NY (David S. Yohay and Kathleen M. Massimo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Keith Hawthorne appeals from an order of the Supreme Court, Putnam County (Thomas P. Zugibe, J.), dated December 10, 2019. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Keith Hawthorne (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Mahopac. According to an affidavit of service, the defendant was served by substituted service on August 10, 2019 (see CPLR 308[2]). The defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, asserting that service was improper. In an order dated December 10, 2019, the Supreme Court, inter alia, denied the motion. The defendant appeals.
A process server's affidavit of service constitutes prima facie evidence of valid service (see Christiana Trust v Mauro, 191 AD3d 756, 758; Citimortgage, Inc. v Erani, 180 AD3d 641, 642). A defendant may rebut the presumption of proper service by submitting a sworn denial of receipt of service, "substantiated by specific, detailed statements, and/or independent evidence that contradicts the allegations in the affidavit of service" (Citimortgage, Inc. v Erani, 180 AD3d at 642-643; see Mizerek v Rosenfeld, 162 AD3d 1005, 1007). Only where the presumption of proper service is rebutted is a hearing necessary to determine the propriety of service of process (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717).
Here, the process server attested in her affidavit that she served the defendant by delivering the summons and complaint on August 10, 2019, to a person of suitable age and discretion at the property, and by mailing a copy of the summons and complaint to the same address. The person served was identified as the defendant's "Daughter-in-law/Co-resident," and a detailed physical description was provided. The process server's affidavit established, prima facie, that the defendant was properly served pursuant to CPLR 308(2) (see Bank of N.Y. Mellon Trust Co., N.A. v Kahn, 192 AD3d 1070, 1071).
The defendant's vague statement, in his affidavit in support of his motion to dismiss, that he "knows of no such person and lived alone in August 2019," was insufficiently detailed to rebut the presumption of proper service and to warrant a hearing (see Sperry Assoc. Fed. Credit Union v Lee, 193 AD3d 1012, 1013). The defendant failed to sufficiently explain what he meant by the averment that he knew "of no such person." He did not, for example, explain whether he did not have a daughter-in-law or whether he had a daughter-in-law but that her appearance was inconsistent in some way with the description in the affidavit of service. Further, in stating that he lived alone, the defendant failed to account for the possibility that the individual who accepted service, while not residing with him, was a person present at the time of the alleged service (see id. at 1013; Wells Fargo Bank, N.A. v Decesare, 154 AD3d at 718).
Accordingly, the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as assertd against him for lack of personal jurisdiction was properly denied.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court