## Portfolio Recovery Assoc., LLC v Cruz

2024 NY Slip Op 32653(U)

July 29, 2024

Civil Court of the City of New York, Richmond County

Docket Number: Index No. CV-005878-13/RI

Judge: Matthew P. Blum

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------------x     **Index No. CV-005878-13/RI**

PORTFOLIO RECOVERY ASSOCIATES, LLC

Plaintiff       **DECISION AND ORDER**

-against-       **HON. MATTHEW P. BLUM**
      **JUDGE CIVIL COURT**

RICHARD CRUZ

Defendant
-----------------------------------------------------------------------x

**Papers Numbered**

Defendant's Order to Show Cause to Vacate the Judgment…………………………….. 1

Plaintiff's Opposition to Defendant's Order to Show Cause, Exhibits
Attached……………………………………………………………………………….. 2

**Upon the foregoing cited papers, the Decision/Order on the motions is as follows:**

## I: PROCEDURAL HISTORY

On or about November 22, 2013, Portfolio Recovery Associates, LLC (hereinafter, Plaintiff) filed a summons and complaint with the Court for a breach of contract claim against Richard Cruz (hereinafter, Defendant) in the amount of $4,425.28. On June 6, 2014, after no answer was interposed by the Defendant, a default judgment was entered against Defendant for $4,650.28.

Subsequent to the entry of judgment, the Defendant's wages began being garnished. As a result, on May 15, 2024, Defendant filed an Order to Show Cause to vacate the default judgment. In this Order to Show Cause, Defendant makes a jurisdictional argument and claims that he was never served with the summons and complaint. Defendant further argues pursuant to CPLR §5015,

1

that he has a reasonable excuse for default because of this lack of service and that he has a meritorious defense because he believes he has paid all his debt at the time of a refinancing.

On or about May 22, 2024, Plaintiff opposes Defendant's Order to Show Cause. Plaintiff first opposes Defendant's jurisdictional argument and argues that the affidavit of service from the process server gives rise to the presumption of proper service. Furthermore, Plaintiff argues that Defendant waived his right to argue lack of personal jurisdiction by making payments pursuant to a judgment or wage garnishment for a substantial period of time, namely, since April 17, 2024. In addition, Plaintiff argues that Defendant's argument under CPLR §5015 should be denied because he fails to demonstrate a reasonable excuse for default and a meritorious defense.

On June 12, 2024, the matter appeared before Your Honor and was taken on submission. The Court hereby acknowledges and commends the Richmond County Civil Court Summer 2024 Intern Class: Athira Anil, Anais Bundy, Richa Chandra, Athena Lam, Junlin Shi, and Susan Yegoryan for their dedicated efforts in their assistance in preparing this decision.

## II: DISCUSSION

### A: Personal Jurisdiction.

As detailed above, Defendant argues that this Court lacks jurisdiction because he was never served with the summons and complaint. Plaintiff opposes said argument by relying on the affidavit of service of process server, Anthony Yannucci.

When a defendant seeks to vacate a default judgment by raising a jurisdictional objection, the court is required to resolve the jurisdictional question before determining whether to vacate the default judgment. Canelas v. Flores, 112 A.D.3d 871 (2d. Dep't 2013); Emigrant Mtge.Co.v. Westervelt, 105 A.D.3d 896,897 (2d. Dep't 2013); Roberts v. Anka, 45 A.D.3d 752, 753 (2d. Dep't

2

2007). The burden of proving that personal jurisdiction was acquired over a defendant rests with a plaintiff. Absent sworn specific factual allegations to the contrary to refute it, a process server's affidavit of service constitutes rebuttable prima facie evidence of proper service. See: Federal Natl. Mtge. Assn. v. Castoldi, 187 A.D.3d 988, 989 (2d. Dep't 2020); Nationstar Mtge., LLC v. Einhorn, 185 A.D.3d 945, 946 (2d. Dep't 2020); HSBC Bank USA, N.A. v. Assouline, 177 A.D.3d 603, 604 (2d. Dep't 2019). An evidentiary traverse hearing to determine the validity of service of process is required when a defendant asserts specific and detailed facts to rebut the statements in the process server's affidavit. OneWest Bank FSB v. Perla, 200 A.D.3d 1052, 1055 (2d. Dep't 2021); HSBC Bank United States, N.A. v. Rahmanan, 194 A.D.3d 792 (2d. Dep't 2021); Wells Fargo Bank, N.A. v. Enitan, 200 A.D.3d 736, 738 (2d. Dep't 2021).

As Defendant has raised a jurisdictional defect argument, the Court must resolve this issue before conducting any analysis as to whether Defendant had a reasonable excuse for default and a meritorious defense under CPLR §5015. Accordingly, in support of its opposition to Defendant's jurisdictional argument, Plaintiff relies on the affidavit of service from process server, Anthony Yannucci, from December 3, 2013. This affidavit of service was filed with the Court on December 12, 2013. However, this document is not included in Plaintiff's papers and Plaintiff states in their opposition that they were unable to obtain the affidavit of service to include with their exhibits because of the short return date, May 22, 2024 to June 12, 2024. Nevertheless, Plaintiff made no petition seeking leave from the Court for any extension of time or an adjournment to obtain said document. Plaintiff also did not request to file supplemental papers. While not explicitly stated, Plaintiff is asking this Court to go into the Court file and take judicial notice of the affidavit of service previously filed.

"The burden is on the Plaintiff to prove compliance…. The court will not search the record in order to review the affidavit of service." Citibank (South Dakota), N.A. v. Cigna, 2021 NY Slip Op 50093(U), 3 (Civ. Ct. Kings County 2021) quoting Wells Fargo Bank, N.A. v. Stroman, 2020 NY Slip Op 30848 (U), 18 (Civ. Ct. Kings County 2020). The Court has been warned not to take judicial notice of unauthenticated or unreliable documents in the court file. Caffrey v. North Arrow Abstract & Settlement Servs., Inc., 160 A.D.3d 121, 127 (2d. Dep't 2018). Likewise, the Court is cautioned only to take judicial notice of "facts which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy". Hamilton v. Miller, 23 N.Y.3d 592, 603 (2014) quoting People v. Jones, 73 N.Y.2d 427, 431 (1989).

Plaintiff is correct in stating that an affidavit of service is prima facie evidence of proper service. However, as Plaintiff has failed to attach the affidavit of service to the affirmation, the Court is unable to give any benefit of the presumption of proper service. Unlike many cases where there is no affidavit of service ever filed or filed on a different matter, here, an affidavit of service was filed, just not attached to the Plaintiff's motion. Although the Court is physically able to go through the file and incorporate a document by reference as an exhibit to a motion, the Court has no obligation to search the record for an exhibit or evidence. In fact, doing so would lead to dangerous territory where a court could ostensibly fill in the gap and insert itself into a proceeding where one party or another falls short in its production of evidence, thus, interjecting itself into a proceeding and denying due process or shifting a burden. Various documents find their way into a court file. This does not mean all documents are reliable or authentic. As the affidavit of service is not a document widely considered to have undisputed reliability or accuracy, the Court will not take judicial notice of it. If affidavits of service were held in this regard, traverse hearings would not exist. While Defendant does not specifically state any detailed facts in his Order to Show Cause, the

4

[* 4]

burden remains on the Plaintiff to demonstrate proper service. In the absence of an affidavit of service, the only way to determine that issue is to hold a traverse hearing.

Plaintiff's argument regarding any waiver of a jurisdictional defect is inaccurate. In addition to the approximate one month (April 2024 to May 2024) of wage garnishment being dramatically short of any period of time the Courts have determined to be sufficient to fit the substantial period of time required for waiver, it has been determined that waiver does not apply where a defendant's only participation in the action is the submission of a motion to vacate a default judgment for lack of personal jurisdiction. HSBC Bank USA, N.A. v. Whitelock, 214 A.D.3d 855, 856-857 (2d. Dep't 2023) quoting Cadlerock Joint Venture, L.P. v. Kierstedt, 119 A.D.3d 627, 628 (2d. Dep't 2014). Thus, as Defendant made no appearance in this matter other than an Order to Show Cause to vacate the default judgment for lack of jurisdiction with an answer arguing lack of jurisdiction, Plaintiff's waiver argument does not apply.

Accordingly, Defendant's Order to Show Cause to vacate the default judgment is to be held in abeyance pending the determination of a traverse hearing.

### B: CPLR §5015.

As the Court must first resolve the issue of jurisdiction, the Court will not conduct any analysis as to Defendant's proposed reasonable excuse for default or meritorious defense until the jurisdictional issue is resolved.

5

### III: CONCLUSION

Based on the foregoing,

**ORDERED**, that all judgments, liens, wage garnishments, income executions, and restraining notices with respect to the Defendant be stayed immediately.

**ORDERED**, that Defendant's Order to Show Cause to vacate the default judgment be held in abeyance pending the determination of a traverse hearing, and it is further

**ORDERED**, that the parties are to appear and produce evidence for a traverse hearing on **September 4, 2024 at 11:30 AM** in Part 62. Should the parties have any scheduling or witness issues, the parties must contact my Court Attorney, Frank Prospero, Esq., at 718-675-8438 or FProsper@nycourts.gov in advance of the hearing date. Barring an emergency, adjournment requests will not be honored without advance notice to the Court.

This foregoing constitutes the Decision and Order of the Court.

Dated: Staten Island, New York
July 29, 2024

ASN by FP on 07/29/2024

HON. MATTHEW P. BLUM, J.C.C.
Hon. Matthew P. Blum
Judge, Civil Court

6

[* 6]