Sidney v Genova (2025 NY Slip Op 05006)

Sidney v Genova

2025 NY Slip Op 05006

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-07518
 (Index No. 102635/10)

[*1]Roderick Sidney, respondent, 
v
Angelo Genova, appellant.

Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola, NY (Anthony J. Abruscati and John Persons of counsel), for appellant.
Jasne & Florio, LLP, White Plains, NY (Daniel Frank Florio, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated May 24, 2023. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate a clerk's judgment dated August 26, 2019, entered upon his failure to appear or answer the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a hearing to determine whether the defendant was properly served with process and for a new determination thereafter of that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the clerk's judgment.
In November 2010, the plaintiff commenced this action against the defendant to recover damages for personal injuries. According to the plaintiff, in May 2009, he was electrocuted by exposed wires at a residential property owned by the defendant. The defendant failed to answer the complaint or otherwise appear in this action. After the granting of that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant on the issue of liability and an inquest on the issue of damages, a clerk's judgment dated August 26, 2019, was issued in favor of the plaintiff and against the defendant in the principal sum of $90,000. In December 2022, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the clerk's judgment. In an order dated May 24, 2023, the Supreme Court, among other things, denied that branch of the defendant's motion without a hearing. The defendant appeals.
"Under CPLR 5015(a)(4), a default must be vacated once lack of personal jurisdiction has been established" (Bank of Am., N.A. v City of New York Dept. of Hous. Preserv. & Dev., 211 AD3d 661, 663). "The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Christiana Trust v Mauro, 191 AD3d 756, 757). "Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 883). In pertinent part, CPLR 308(2) provides that [*2]personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place[,] or usual place of abode of the person to be served," and by "mailing the summons to the person to be served at his or her last known residence" (see Christiana Trust v Mauro, 191 AD3d at 757-758). "The plaintiff has the burden of proving the court's personal jurisdiction over a defendant" (Nationstar Mtge., LLC v Molyaev, 235 AD3d 648, 649; see Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 717). "Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service, but when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (Bank of N.Y. v Dutan, 200 AD3d 636, 638 [internal quotation marks omitted]).
Here, the affidavit of service of the plaintiff's process server constituted prima facie evidence of proper service upon the defendant pursuant to CPLR 308(2). "The [defendant's] contention that the affidavit of service was insufficient to establish proof of proper service is not properly before this Court, as this contention was not raised before the Supreme Court" (Castillo-Florez v Charlecius, 220 AD3d 1, 14). However, the defendant sufficiently rebutted the presumption of proper service by submitting his own affidavit, in which he, inter alia, denied ever residing at the address where service allegedly was made and set forth the location of his residence, while also submitting documentary evidence supporting those assertions (see Nationstar Mtge., LLC v Molyaev, 235 AD3d at 650; Christiana Trust v Mauro, 191 AD3d at 758; US Bank, N.A. v Schumacher, 172 AD3d 1137, 1138).
Contrary to the plaintiff's contention, he failed to demonstrate, as a matter of law, that the defendant should be estopped from asserting that the address set forth in the affidavit of service was not the defendant's "dwelling place" or "usual place of abode" at the time of the alleged service (CPL 308[2]). "[T]here are circumstances in which a defendant may be estopped from challenging the location or propriety of service" (Castillo-Florez v Charlecius, 220 AD3d at 6). "Estoppel, in this context, may preclude a defendant from challenging the location and propriety of service of process if that defendant has engaged in affirmative conduct which misleads a party into serving process at an incorrect address" (Hudson Val. Bank, N.A. v Eagle Trading, 208 AD3d 648, 650 [internal quotation marks omitted]). "For example, where a defendant willfully misrepresented his [or her] address or violated a statutory notification requirement, or where he [or she] engaged in conduct calculated to prevent the plaintiff from learning his [or her] actual place of residence, he [or she] may be estopped from asserting the defense of defective service" (id. [citations and internal quotation marks omitted]).
Here, the plaintiff contends that estoppel was warranted because the property where service purportedly was made was listed as the defendant's address with the New York City Department of Finance for receipt of tax records in relation to the defendant's status as owner of the property where the accident allegedly occurred. However, the defendant's failure to update his address with a city agency did not constitute "affirmative conduct," and such failure was insufficient to establish, without a hearing, that the defendant should be estopped from contesting service as a matter of law (id. [internal quotation marks omitted]; see Citimortgage, Inc. v Goldstein, 230 AD3d 1219, 1222; Castillo-Florez v Charlecius, 220 AD3d at 13-14).
Accordingly, we remit this matter to the Supreme Court, Richmond County, for a hearing to determine whether the defendant was properly served with process and for a new determination thereafter of that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the clerk's judgment.
The parties' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court